546 So.2d 1159 (1989)
Eugene Joseph KOCOL, Jr. Appellant,
v.
STATE of Florida, Appellee.
No. 88-2340.
District Court of Appeal of Florida, Fifth District.
July 27, 1989.
James K. Freeland of James K. Freeland, P.A., Orlando, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Bonnie Jean Parrish, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The appellant, Eugene Joseph Kocol, Jr., was charged with, and convicted of, conspiracy to traffic in cocaine, sale of cocaine, and possession of cocaine. The facts adduced at trial, which are not disputed on appeal, revealed that Kocol and one John Haley agreed that Kocol would supply Haley, his employee, with an ounce (which is slightly in excess of 28 grams) of cocaine for sale to a third party at a set price. It was agreed that Kocol would deliver the cocaine to Haley and the buyer that evening at a motel where Haley lived. The third party was actually an informant working with undercover agents.
Haley met with the informant that evening at the motel, and received $1,300.00 from him. He then took the money outside *1160 to Kocol, who was waiting in a truck in the parking lot outside the motel. Haley had referred to Kocol as his supplier while in the motel room. Kocol took the money, and gave Haley a quantity of cocaine for delivery to the informant. That quantity was subsequently ascertained to be 27.58 grams of cocaine.
Since the crime of trafficking in cocaine requires a minimum of 28 grams per section 893.135(1)(b), Florida Statutes (1987), the state elected to charge Kocol with conspiracy rather than actual trafficking, and added counts of sale and possession even though only one quantum of cocaine was involved.
On appeal Kocol challenges his conspiracy conviction on the basis of the circumstantial evidence rule. The crime of conspiracy consists of an express or implied agreement or understanding between two or more persons in order to accomplish a criminal offense; both an agreement and an intention to commit the offense are necessary elements requiring proof by the state. Ashenoff v. State, 391 So.2d 289 (Fla. 3d DCA 1980). A conspiracy conviction based on circumstantial evidence must not only be consistent with guilt, but also must be inconsistent with any reasonable hypothesis of innocence. State v. Trafficante, 136 So.2d 264 (Fla. 2d DCA 1961).
Kocol contends, inter alia, that his conspiracy conviction should be reduced because there was a reasonable hypothesis of innocence in regard to his intent to traffic in cocaine  i.e., he intended to sell the amount that he in fact delivered, which was less than 28 grams. Kocol argues that "even if it is assumed that a conspiracy was shown ... the proof only demonstrated conspiracy to deliver cocaine rather than traffic in cocaine." In support of this argument Kocol relies on Bohonowsky v. State, 336 So.2d 478 (Fla. 4th DCA 1976). In that case the Fourth District reversed a conviction of conspiracy to commit grand larceny and reduced it to conspiracy to commit petit larceny on the basis that the proof adduced at trial proved the value of the goods taken was less than $100.00. The per curiam opinion stated:
Generally, in such cases it has been said that the best evidence of a person's intent to steal is what he did steal. (Citations omitted). The evidence presented by the state does not exclude the reasonable hypothesis that appellants only intended to steal goods from the store with a value of less than $100.00.
We find Bohonowsky distinguishable because in that case there is no indication that proof was adduced of a prior agreement between the two defendants that they would steal goods with a value in excess of $100.00. In the instant case, Haley testified to an express agreement between himself and Kocol in regard to an ounce of cocaine and a set price for that amount. There was no contrary evidence in regard to this point. The fact that the cocaine ultimately delivered was short of an ounce by less than a gram does not refute the intent of the parties at the time of the initial agreement. Therefore, as in Newberry v. State, 442 So.2d 334 (Fla. 5th DCA 1983), there was substantial, competent evidence to support a jury verdict of guilt, and a basis upon which the jury could properly determine that the hypothesis of innocence advanced by the defendant was not reasonable.
We also agree with the state that the crime of conspiracy is a separate and distinct crime from the offense which is the object of the conspiracy. See King v. State, 104 So.2d 730 (Fla. 1957); Ramirez v. State, 371 So.2d 1063 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1201 (Fla. 1980). Therefore, the conviction of conspiracy with intent to traffic in cocaine does not preclude the conviction of sale of cocaine.
We agree with the appellant that, under the instant facts, he cannot be convicted of both sale and possession of the same quantum of cocaine. This is so because of the interpretation of Carawan v. State, 515 So.2d 161 (Fla. 1987) by Gordon v. State, 528 So.2d 910 (Fla. 2d DCA 1988), which was approved by the Florida Supreme Court in the recent case of State v. Smith, 14 F.L.W. 308, ___ So.2d ___ (Fla. *1161 June 22, 1989).[1] The possession conviction must be reversed. See State v. Barton, 523 So.2d 152 (Fla. 1988).
Accordingly, we affirm the convictions of conspiracy and sale, and we reverse the conviction of possession.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED FOR RESENTENCING.
GOSHORN, J., and LEE, R.E., Jr., Associate Judge, concur.
NOTES
[1] Smith applied Carawan to offenses occurring prior to July 1, 1988, the effective date of Ch. 88-131, § 7, Laws of Florida. The cocaine transaction in the instant case occurred on December 3, 1987.