592 So.2d 737 (1992)
John WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-565.
District Court of Appeal of Florida, First District.
January 6, 1992.
Rehearing Denied February 6, 1992.
Nancy A. Daniels, Public Defender, and Steven A. Rothenburg, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
A jury found appellant guilty as charged of the offenses of conspiracy to traffic in 28 or more grams of cocaine, possession of cocaine, and sale of cocaine. Appellant challenges only the sufficiency of the circumstantial evidence to sustain his conviction *738 of conspiracy to traffic in cocaine. We reverse.
Appellant's arrest and subsequent conviction occurred in the context of a controlled buy by an undercover officer, based on information from a confidential source who had worked with the officer on prior occasions. The trial testimony pertinent to the charge of conspiracy to traffic in cocaine established that the confidential source arranged a telephone contact between the undercover officer and appellant's co-defendant. During this telephone conversation, the undercover officer advised that she desired to purchase one or more ounces of cocaine. According to the confidential source, the undercover officer was supposed to pay $2,000 for two ounces of cocaine.
Appellant and his co-defendant did not have the cocaine with them at their initial meeting with the confidential source and the undercover officer; appellant and the co-defendant then left, ostensibly to obtain the cocaine, arranging to meet the buyers (the undercover officer and the confidential source) at a laundromat. At the second meeting, appellant and his co-defendant joined the undercover officer and the confidential source in the officer's car. The co-defendant directed the officer to drive around; as the officer drove, appellant showed her a slab of crack cocaine purportedly worth $600. The testimony of the confidential source reflects that appellant agreed to a "big deal," but no specific amount of cocaine was mentioned when appellant was present.
The undercover officer's testimony reflects her understanding that the transaction would involve one ounce of cocaine for $1,300. She was provided with $1,000 for the cocaine purchase. When the officer received the cocaine from appellant, she remarked that it seemed a "little shy of an ounce," whereupon appellant remarked that he could get more later. The transaction was then completed, and appellant and his co-defendant were arrested. The evidence at trial established that the substance sold by appellant to the undercover officer was cocaine, and that it weighed approximately seventeen grams.[1]
To support a conviction for trafficking in cocaine, or conspiracy to traffic in cocaine, the state must prove that the amount of cocaine involved was 28 grams or more. Section 893.135(1)(b)1, Fla. Stat. (1989). The crime of conspiracy consists of an express or implied agreement between two or more persons to commit a criminal offense, and the intention to commit the offense. Munroe v. State, 514 So.2d 397, 400 (Fla. 1st DCA 1987), review denied, 519 So.2d 987 (Fla. 1988); Orantes v. State, 452 So.2d 68, 70 (Fla. 1st DCA), review denied, 461 So.2d 115 (Fla. 1984); Pino v. State, 573 So.2d 151, 152 (Fla. 3d DCA 1991); Kocol v. State, 546 So.2d 1159, 1160 (Fla. 5th DCA 1989). Circumstantial evidence alone will support the existence of a conspiracy. Wilder v. State, 587 So.2d 543, 545-47 (Fla. 1st DCA 1991); Munroe v. State, 514 So.2d at 400; Edwards v. State, 516 So.2d 285 (Fla. 2d DCA 1987).
A special standard of review of sufficiency of the evidence applies when a conviction is based wholly on circumstantial evidence. State v. Law, 559 So.2d 187, 188 (Fla. 1989); Jaramillo v. State, 417 So.2d 257 (Fla. 1982). "Where the only proof of guilt is circumstantial, no matter how strongly the evidence may suggest guilt, a conviction cannot be sustained unless the evidence is inconsistent with any reasonable hypothesis of innocence." State v. Law, 559 So.2d at 188, citing McArthur v. State, 351 So.2d 972 (Fla. 1977). That is, the court must determine as a threshold matter whether the state produced competent, substantial evidence to contradict the defendant's story. Fowler v. State, 492 So.2d 1344, 1347 (Fla. 1st DCA 1986), review denied, 503 So.2d 328 (Fla. 1987). See also Kocol v. State, 546 So.2d at 1160.
*739 In Kocol, as in the instant case, the issue concerned the sufficiency of the evidence to establish that the contemplated transaction involved the 28 grams or more of cocaine necessary to sustain a conviction for trafficking in cocaine. The evidence at trial revealed that Kocol proposed to supply an ounce of cocaine to his employee, Haley, for sale to a third party at a price of $1,300. Unbeknownst to Haley and Kocol, the third party was an undercover officer. Subsequently, it was determined that Kocol actually delivered 27.58 grams of cocaine, slightly less than the 28 grams required for a trafficking conviction. Consequently, the state charged Kocol with conspiracy to traffic in cocaine, rather than with actual trafficking, and added charges of sale and possession of cocaine.
Kocol argued that his conspiracy conviction should be reduced because there was a reasonable hypothesis of innocence with regard to his intent to traffic, i.e., he intended to sell the amount he actually delivered, which amount was less than 28 grams. In other words, Kocol maintained the evidence was sufficient to show only that he conspired to deliver cocaine rather than to traffic in cocaine. The appellate court disagreed, finding the evidence sufficient to establish a conspiracy to traffic in cocaine, because Haley testified to an express agreement between Kocol and himself that the transaction would involve an ounce, and set a price for that amount. The court deemed the fact that the amount of cocaine actually delivered was slightly less than an ounce did not refute the intent of the parties at the time of the initial agreement. 546 So.2d at 1160.
The evidence in this case as to the specific amount contemplated by the parties' agreement is not as specific as the evidence on this point in Kocol. Although the testimony of the confidential informant and the undercover officer indicates that appellant's co-defendant was told the buyer wished to purchase an ounce or more of cocaine, no specific amounts were discussed on the two occasions when appellant was present, nor did appellant agree to furnish a specific amount of cocaine. Instead, appellant agreed to participate in "a big deal." This case is further distinguishable from Kocol, in that here the amount of cocaine actually delivered was ten grams less than the threshold amount for conviction of trafficking, as opposed to the one gram deficiency in Kocol.
In the circumstances, we conclude the evidence was insufficient to permit the jury to consider the charge of conspiracy to traffic in cocaine. The state presented no evidence that appellant contemplated a transaction involving an ounce or more of cocaine. Although the confidential source and the undercover officer discussed a transaction involving one or two ounces with appellant's co-defendant, the evidence reflects only that appellant agreed to participate in a big deal.
Accordingly, appellant's conviction of trafficking in cocaine is reversed, and the cause is remanded for resentencing.
ERVIN, J., and WENTWORTH, Senior Judge, concur.
NOTES
[1] An ounce contains 28.350 grams. The American Heritage Dictionary of the English Language 813 (1979).