COBB, Judge.
Charles Wynn, charged with attempted robbery with a deadly weapon and burglary of a dwelling with an assault or battery, seeks a writ of prohibition from this court. Wynn alleges that after his case was called to trial and the jury seated and sworn on January 9, 1995, the state provided supplemental discovery and a supplemental witness list naming Richard Slawinski, an inmate at the Brevard County Jail, as the recipient of three incriminating statements allegedly uttered by Wynn. Wynn, who was represented by the public defender, objected to the late witness. The trial court found no discovery violation because the state gave notice once it was aware of Slawinski. A conflict arose when it was discovered that the public defender had been appointed to represent Slawinski just five days earlier, on January 4, 1995.
*1117 Slawinski’s proffered testimony, contrary to the representation of the state, did not incriminate Wynn. That proffer at trial was:
BY MR. BROWN: [Prosecutor]
Q. Sir, would you please state your name.
A. Richard Slawinski.
Q. Mr. Slawinski, do you recall speaking to me with other counsel present about ten minutes ago in a side room?
A. Yeah.
Q. This basically is to go through what you told us there. Okay?
To put it on the record exactly what you indicated and tell to the Court what you told to me.
Mr. Slawinski, did you make a phone call to the office of the State Attorney during the morning hours between ten a.m. and twelve a.m. this morning?
A. No.
Q. Had you contacted the State Attorney’s office concerning the case against Charles B. Wynn in any manner?
A. No.
Q. Are you Mr. Wynn’s roommate at the Brevard County Jail?
A. Yeah.
Q. Have you spoken with Mr. Wynn concerning his case today?
A. I haven’t seen him today.
Q. Have you spoken with him in the past concerning this case?
A. Not really. A little bit.
Q. Did he at any time indicate to you that he was guilty of this?
A. No.
Q. What did he say to you concerning the memory of witnesses?
A. He said it was at — they don’t remember nothing.
Q. Okay. What did he say to you consisting — concerning the crime scene?
A. He said the police said there was no crime scene.
Q. What did he say to you concerning borrowing money from the victims?
A. He said he used to work for the people.
Q. Did he indicate to you that he had borrowed money from them the day this occurred?
A. He said earlier that day he borrowed money.
Q. From the victims?
A. Yeah.
Q. Did he indicate that that was the day that this incident occurred, the robbery of those, attempted robbery—
A. I think that’s what he said, yeah, I’m not positive about that.
Q. And did he deny committing the attempted robbery to you?
A. Yeah.
MR. BROWN: Judge, I would have no more questions of Mr. Slawinski.
After hearing the proffer, the trial court perceived an irreconcilable conflict between the inability of the office of the public defender to cross-examine its own client (Slawinski) and the right of the state to call its own witness. The court therefore instructed the state that if it called Slawinski to testify, the court would declare a mistrial. Wynn requested that Slawinski be excluded as a witness. The trial court rejected this proposal, and then asked Wynn if he wanted a mistrial. Wynn specifically stated that he did not. The state proceeded to call Slawinski as a witness, and the court, sua sponte, declared a mistrial. At that point in the trial the state’s case was in considerable trouble since both victims initially identified a person in court other than the defendant as the perpetrator, and one victim never could identify the defendant at all.
After the mistrial, Wynn filed a motion to dismiss based on the claim of double jeopardy under both the Florida and United States Constitutions. The court denied the motion and Wynn now seeks a writ of prohibition from this court.
The dispositive issue in this case is whether the trial court’s sua sponte declaration of a mistrial arose from manifest necessity, in which ease double jeopardy would not bar a retrial, or whether the court acted improperly without first exploring less drastic possible alternatives, in which case double jeopardy would bar retrial. See, e.g., United *1118 States v. Dinitz, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); Thomason v. State, 620 So.2d 1234 (Fla.1993); Perkins v. Graziano, 608 So.2d 532 (Fla. 5th DCA 1992). The cited cases provide that a trial judge must consider reasonable alternatives before declaring a mistrial over the objection of a defendant. We conclude that the trial judge failed to do so in the instant ease.
The problem could have been readily resolved, as urged by Wynn at trial, simply by excluding the testimony of Slawinski. The proffered testimony did not tend to incriminate Wynn and, therefore, was irrelevant and inadmissible. Hence, the conflict problem envisioned by the trial court was illusory. But even if the proffered testimony had been admissible, the trial court should have explored the possibility of appointing substitute counsel for Slawinski, especially since the public defender’s appointment for him was so recent that there was a strong likelihood that Slawinski had not yet actually conferred with any attorney from the public defender’s office about his case. Moreover, there was no indication that there was any subject matter relationship between the charges against Slawinski and those against Wynn. See United States v. Ross, 33 F.3d 1507, 1523 (11th Cir.1994).
Another unexplored and realistic possibility in respect to avoiding the conflict problem, given the innocuous nature of the proffered testimony, was that Wynn’s counsel may have been willing to waive cross-examination of Slawinski. Inquiry in that regard was not made prior to the precipitant declaration of mistrial. The court also failed to consider the possibility of procuring a waiver of conflict from Slawinski himself. Cf. Kolker v. State, 649 So.2d 250 (Fla. 3d DCA 1994).
The record in this case does not support a finding of manifest necessity for the mistrial. We issue the requested writ and remand this cause to the trial court for discharge of the defendant.
WRIT OF PROHIBITION ISSUED.
HARRIS, C.J. and GOSHORN, J., concur.