PER CURIAM.
The appellant, C.A.K., a child, challenges the trial court’s order which denied her motion to dismiss the petition filed against her. The appellant contends that the trial court erred in granting the state’s motion for mistrial and that retrial would subject her to double jeopardy. We agree and reverse.
The appellant entered a written denial to the charge of burglary of a structure, in violation of section 810.02(3), Florida Statutes (1993). At the trial in this case, Officer Houston testified that Mr. Eckes told him that the appellant, Mr. Kliewer, and Mr. Eckes were drinking wine in the house in question. The appellant’s counsel objected on the grounds of hearsay and the trial court overruled the objection subject to Mr. Eckes’ testimony. However, when Mr. Eckes was called by the state to testify, the appellant’s counsel objected since he was currently representing Mr. Eckes. After Mr. Eckes invoked the Fifth Amendment, the trial court indicated that it would come back to that issue when the trial was completed.
Mr. Eckes was later recalled by the state to testify. However, Mr. Eckes again invoked the Fifth Amendment and the following colloquy took place:
MR. MILLER (appellant’s counsel): ... There is now a conflict and I will have to conflict off this case.
THE COURT: Okay, which one do you want off of?
MR. MILLER: I have to actually conflict off both of them. I’m sure they’re going to use one against the other, Your Honor.
MS. MASON (prosecutor): That’s probably true, Your Honor. We’re going to have to do a mistrial, Your Honor.
THE COURT: I guess we have to declare a mistrial. Take him from the stand. I believe we’re ready to proceed, however, with disposition on the other matters pending against your client.
*367 The appellant subsequently filed a motion to dismiss the petition filed against her on the grounds that there was no manifest necessity for the mistrial and that it would constitute double jeopardy to retry her. When the trial court denied her motion to dismiss, the appellant withdrew her not guilty plea, entered a no contest plea, and reserved her right to appeal the denial of her motion. After the trial court’s order which withheld adjudication of delinquency and sentenced her to community control was entered, this timely appeal followed.
The double jeopardy provision of the Florida Constitution requires a trial judge to consider and reject all possible alternatives before declaring a mistrial over the objection of a defendant. Thomason v. State, 620 So.2d 1234 (Fla.1993). In the instant case, although the appellant’s counsel did not object to the prosecution’s request for a mistrial, a defendant’s silence or his failure to object or protest against an illegal discharge of the jury before a verdict, does not constitute a consent and is not a waiver of the constitutional prohibition against a subsequent trial for the same offense if the jury has been improperly discharged. Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983).
We find that the trial judge in the instant case failed to discuss any alternatives before declaring the mistrial. Examples of alternatives the trial judge could have considered include the possibility of Mr. Kliewer testifying regarding the events of the crime instead of Mr. Eekes, the possibility of appointing substitute counsel for Mr. Eckes, or the possibility of obtaining a continuance until new counsel was brought in for the appellant. See Wynn v. Pound, 653 So.2d 1116 (Fla. 5th DCA 1995).
The prosecution has a heavy burden to show that the mistrial was justified by manifest necessity. Spaziano, 429 So.2d at 1346. We do not believe that the prosecution sustained its burden in this case. Therefore, we find that double jeopardy barred retrial and, accordingly, reverse.
Reversed.
SCHOONOVER, A.C.J., and LAZZARA, J., concur.
ALTENBERND, J., concurs specially.