661 So.2d 906 (1995)
Michael LUTHER, Appellant,
v.
STATE of Florida, Appellee.
No. 94-03483.
District Court of Appeal of Florida, Second District.
October 13, 1995.
*907 James Marion Moorman, Public Defender and John S. Lynch, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and John M. Klawikofsky, Assistant Attorney General, Tampa, for Appellee.
RYDER, Judge.
Michael Luther contends that his double jeopardy rights were violated when the lower court declared a mistrial, in the middle of his jury trial, upon discovering that the state had failed to arraign him on a second amended information.[1] Luther had originally been charged with sexual battery under section 794.011(4)(c), Florida Statutes (Supp. 1992). After declaring the mistrial, the court permitted the state to arraign Luther on the new information, which charged that his acts violated section 794.011(5), Florida Statutes (Supp. 1992). He pleaded no contest to the charges, reserving his right to appeal the double jeopardy issue. We agree that the lower court's action violated the prohibition against double jeopardy. We reverse and remand with directions to discharge Mr. Luther.
If a defendant does not request a mistrial, retrial will violate double jeopardy unless manifest necessity required the court to declare it. United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). The Florida Supreme Court has noted that a defendant has a valued right to have his trial completed by a particular tribunal. Thomason v. State, 620 So.2d 1234, 1237 (Fla. 1993) (citations omitted). While this right does not guarantee that a defendant cannot be retried, in the absence of circumstances thwarting the state's opportunity to present its case, the defendant's right should control. Id. The state bears a heavy burden in justifying a mistrial over the objection of a defendant; it must demonstrate manifest necessity.
In this case, the court declared the mistrial because of the state's failure to ensure that Luther was arraigned on the proper information. This does not rise to the level of manifest necessity. Moreover, the trial court did not evaluate and discuss the available alternatives before declaring the mistrial over Luther's objections. See Thomason, 620 So.2d at 1238. Accordingly, we hold that double jeopardy barred a new trial. We reverse and remand with directions to discharge Luther.
Reversed and remanded.
THREADGILL, C.J., and FULMER, J., concur.
NOTES
[1] When Luther objected and noted that jeopardy had already attached, the trial court stated it was granting the mistrial based on his previously denied, unrelated request for one. The record contradicts this statement. The court declared the mistrial when it discovered the state had not properly arraigned Luther. When it dismissed the jury, the court stated it was doing so because of serious flaws in the information. We accept Mr. Luther's position that he did not request the mistrial and that it was based on the state's failure to arraign him on the most recent information.