662 So.2d 1295 (1995)
Henry M. SNOW, Petitioner,
v.
The Honorable Richard J. FOWLER, etc., Respondent.
No. 95-1269.
District Court of Appeal of Florida, Third District.
October 18, 1995.
Rehearing Denied December 13, 1995.
*1296 Roberta S. Fine, Key West, for petitioner.
Robert A. Butterworth, Attorney General, and Cynthia A. Greenfield, Assistant Attorney General, for respondent.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is a petition for a writ of prohibition filed by the petitioner Henry Snow in which it is urged that the respondent trial judge has lost jurisdiction to retry the petitioner on certain felony charges below because the petitioner's privilege against double jeopardy precludes such a retrial. The petitioner had been previously brought to trial on the subject charges at which time the trial court declared a mistrial on its own motion and without the petitioner's consent; contrary to the state's argument, we conclude that there was no manifest necessity for declaring such a mistrial and consequently the petitioner's retrial is barred by double jeopardy. Accordingly, the petition for a writ of prohibition is granted.
It appears from the record that the trial judge declared a mistrial sua sponte after conducting a hearing mandated by Richardson v. State, 246 So.2d 771 (Fla. 1971) based on an alleged discovery violation by the petitioner which surfaced during the trial of the cause. The discovery violation asserted by the state was the failure of the petitioner to produce for the state certain handwritten notes of a defense-witness psychologist; these notes were made by the witness as a result of his conducting a psychological examination of the petitioner. The trial judge concluded that it would deny the state a fair trial if this witness were allowed to testify because the state was deprived of an opportunity of obtaining and calling a rebuttal psychologist witness to refute the defense expert witness; accordingly, a mistrial was sua sponte declared. We disagree with this analysis because, simply stated, the petitioner was not guilty of a discovery violation in the first instance, and, thus, there was no necessity for imposing the sanction of a mistrial under Fla.R.Crim.P. 3.220(n)(1); absent a manifest necessity for the mistrial and absent the defendant's consent to the mistrial, as here, the defendant's double jeopardy privilege necessarily bars the defendant's retrial in the cause. See Thomason v. State, 620 So.2d 1234, 1238 (Fla. 1993); Wynn v. Pound, 653 So.2d 1116, 1117-18 (Fla. 5th DCA 1995); Cohens v. Elwell, 600 So.2d 1224, 1226-27 (Fla. 1st DCA 1992); Spaziano v. State, 429 So.2d 1344, 1346 (Fla. 2d DCA 1983).
It is settled that a criminal defendant who elects to participate in discovery under Fla.R.Crim.P. 3.220, as here, is required to disclose to the state "reports or statements of experts made in connection with the particular case, including results of physical or mental examinations... ." Fla. R.Crim.P. 3.220(d)(1)(B)(ii). Such reports or *1297 statements, however, do not include the handwritten notes of an expert as such notes are merely the working materials from which a report or statement may later be made; stated differently, handwritten notes of this nature are in no sense the type of formal report or statement of an expert that the above rule contemplates. Indeed, it has been held that the field notes of a crime laboratory analyst are not discoverable by the defendant as a "report[] or statement of [an] expert[]" under Fla.R.Crim.P. 3.220(b)(1)(J). Geralds v. State, 601 So.2d 1157 (Fla. 1992). Moreover, the federal courts have reached the same result when interpreting a comparable federal discovery rule requiring the defendant to "permit the government to inspect and copy or photograph any results or reports of physical or mental examinations ... made in connection with the particular case... ." Fed.R.Crim.P. 16(b)(1)(B). See United States v. Iglesias, 881 F.2d 1519 (9th Cir.1989); United States v. Dennison, 937 F.2d 559 (10th Cir.1991), cert. denied, 502 U.S. 1037, 112 S.Ct. 886, 116 L.Ed.2d 789 (1992); United States v. Layton, 90 F.R.D. 520 (N.D.Cal. 1981). Consequently, the petitioner was not guilty of a discovery violation for failing to produce the handwritten notes of the defense psychologist witness in this case, and, thus, there was no manifest necessity for ordering a sua sponte mistrial based on such failure.
For the above-stated reasons, the petitioner's privilege against double jeopardy bars retrial in this cause, and, accordingly, the petition for a writ of prohibition is granted. We assume it will be unnecessary to issue a formal writ of prohibition, and that the respondent trial judge will discharge the petitioner from the cause upon receipt of this opinion.
Prohibition granted.