685 So.2d 1369 (1996)
Richard Everett JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-02132.
District Court of Appeal of Florida, Second District.
November 8, 1996.
Robert Fraser, Tampa, for Appellant.
*1370 Robert A. Butterworth, Attorney General, Tallahassee, and Anne E. Sheer, Assistant Attorney General, Tampa, for Appellee.
QUINCE, Judge.
Richard Johnson challenges his conviction for possession of a firearm as a convicted felon in circuit court case no. 94-10193, and his sentence in circuit court case no. 95-1681 for possession of a firearm and possession of cocaine and drug paraphernalia. We affirm the sentence in case no. 95-1681 without further discussion; we reverse Johnson's conviction in case no. 94-10193 because his retrial in that case violated the Fifth Amendment's prohibition against double jeopardy.
While executing a search warrant of Johnson's residence, law enforcement officers recovered a .22 caliber rifle. Ms. Juanita Homquist, who lived with Johnson, was present at the time of the search. Ms. Homquist told the officers the gun belonged to her. Johnson was subsequently charged with possession of a firearm as a convicted felon in violation of section 790.23, Florida Statutes (1993).
Prior to trial, the state filed a motion in limine to exclude Ms. Homquist's statement claiming ownership of the rifle. The trial court granted the motion and instructed Johnson to avoid discussing Ms. Homquist's statement during his testimony. Nevertheless, Johnson referred to Ms. Homquist's statement twice during direct examination. The state moved for mistrial which the court granted after it determined that Johnson had intentionally violated its order prohibiting hearsay testimony concerning Ms. Homquist's statement.
Defense counsel suggested that the court strike Johnson's testimony and give a curative instruction; however, after considering the matter outside of the jury's presence, the court concluded Johnson's testimony had materially prejudiced the state's case. Johnson was retried and found guilty of the offense.
Jeopardy attaches in a criminal prosecution when the jury is impaneled and sworn. Because the right not to be twice placed in jeopardy for the same offense is so important and can be frustrated when a trial ends before a verdict is reached, the state bears the burden of justifying a mistrial granted over the defendant's objection. Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949). Therefore, unless circumstances give rise to material prejudice frustrating "the state's one full and fair opportunity to present its case," considerable weight must be given to the defendant's right to be tried by that particular tribunal. Thomason v. State, 620 So.2d 1234, 1237 (Fla.1993), citing United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). This court has consistently held that mistrial may be predicated upon:
1) Some misfortune which, although the fault of neither party, renders continuation of the trial impossible or unreasonably prejudicial to the substantial interest of either the judicial process itself, the defendant, the state or both, or
2) Some unfair or wrongful tactic, action or conduct on the part of the defendant, by which a substantial interest in the state is unfairly frustrated or embarrassed.
Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983); State ex rel. Mitchell v. Walker, 294 So.2d 124 (Fla. 2d DCA 1974). When the state fails to demonstrate manifest necessity created by such circumstances, retrial violates double jeopardy. Luther v. State, 661 So.2d 906 (Fla. 2d DCA 1995); U.S. Const. Amend. V.
In the instant case the defendant, Johnson, denied owning the firearm but admitted being told of its presence and location in the house. Johnson legitimately testified to similar facts concerning ownership of the gun without disobeying the trial court's order. Therefore, Johnson's testimony did not materially prejudice the state's case because it was essentially cumulative to legitimate testimony elicited to establish ownership.
Moreover, the record indicates that the state's case was based on a theory of *1371 constructive possession. Proof of ownership is not essential to establish constructive possession under section 790.23, Florida Statutes (1993).[1] Therefore, to the extent that it was unnecessary for the state to produce proof of ownership, Johnson's hearsay testimony did not frustrate the state's efforts to prosecute him for constructive possession of the firearm. See Wilcox v. State, 522 So.2d 1062 (Fla. 3d DCA 1988) (constructive possession of an object exists where the accused, without physical possession, knows of its presence and has the ability to maintain control over it.)
Based on the cumulative nature of appellant's hearsay testimony and a lack of material prejudice to the state's case on constructive possession, we find that appellant's testimony did not give rise to manifest necessity by making it impossible to continue the trial.
We, therefore, vacate the judgment and sentence in case no. 94-10193.
PARKER, A.C.J., and LAZZARA, J., concur.
NOTES
[1] 790.23 Felons; possession of Firearms

(1) It is unlawful for any person who has been convicted of a felony ... to own or to have in his care, custody, possession or control any firearm....