693 So.2d 616 (1997)
Edward Lee WILSON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-04459.
District Court of Appeal of Florida, Second District.
March 26, 1997.
*617 PER CURIAM.
Edward Lee Wilson appeals the summary denial of his motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Only one of the issues he raises, double jeopardy, is facially sufficient and not conclusively refuted by the record before us.[1] The other grounds raised in the motion are without merit and, therefore, that portion of the order is affirmed. As to the double jeopardy claim, we reverse and remand for further proceedings.[2]
Wilson alleges that prior to his trial on armed burglary and armed robbery charges, the trial court granted his motions to suppress two pairs of pants. The pants were important because the perpetrator was recorded on the convenience store's video camera and, although his head and upper body were obscured, he was wearing a distinctive pair of pants.
On March 4, 1992, a jury was impaneled and sworn. During the defense's case, Wilson's counsel presented evidence to the jury that Wilson was not wearing the pants shown in the video when he was arrested minutes later in the immediate area. At this point, the state's attorney stood and stated in the presence of the jury: "What about the other pants?" Wilson's counsel immediately objected to this statement and the trial court, sua sponte, declared a mistrial without further comment or argument from the judge, the state's attorney, or defense counsel.
"Jeopardy attaches in a criminal prosecution when the jury is impaneled and sworn." Johnson v. State, 685 So.2d 1369 (Fla. 2d DCA 1996).
When this point has been reached ... a trial judge should exercise his power to discharge the jury only in cases of manifest, urgent, or absolute necessity. If the jury is discharged without the defendant's consent, for a legally insufficient reason, and without absolute necessity, such a discharge *618 is equivalent to an acquittal and precludes a subsequent trial for the same offense.
Spaziano v. State, 429 So.2d 1344, 1345 (Fla. 2d DCA 1983).
The double jeopardy provision of the Florida Constitution requires a trial judge to consider and reject all possible alternatives before declaring a mistrial over the objection of a defendant .... a defendant's silence or his failure to object or protest against an illegal discharge of the jury before a verdict does not constitute a consent and is not a waiver of the constitutional prohibition against a subsequent trial for the same offense if the jury has been improperly discharged.
C.A.K. v. State, 661 So.2d 365, 367 (Fla. 2d DCA 1995).
Based on the facts as stated by Wilson, which are unrefuted by any record attachment to the order, his subsequent retrial and conviction on the same charges may have violated the constitutional prohibition against double jeopardy. Accordingly, we reverse the order denying Wilson's claim for relief on double jeopardy grounds and remand for further proceedings. If the trial court again denies Wilson's double jeopardy claim, it must attach those portions of the record that conclusively refute the claim.
If Wilson seeks review of a subsequent order of the trial court, he must do so within thirty days of its rendition.
Affirmed in part, reversed in part, and remanded.
SCHOONOVER, A.C.J., and BLUE and QUINCE, JJ., concur.
NOTES
[1] The order denying the motion merely attaches the state's response, which contains no record attachments. This practice is very common, but inadequate to deny any fact-based claims that are facially sufficient. Flores v. State, 662 So.2d 1350 (Fla. 2d DCA 1995).
[2] Double jeopardy claims are appropriately brought under rule 3.850. Plowman v. State, 586 So.2d 454 (Fla. 2d DCA 1991).