SCHWARTZ, Chief Judge.
In the course of Baez’s D.U.I. jury trial in the Monroe County Court, the jury returned to the courtroom at 1:30 p.m. after a lunch recess which began at noon. After further proceedings, it retired to deliberate at 4:15 p.m. An hour later, the trial judge reported as follows:
THE COURT: All right. I have a question from the jury, and I quote — you better sit down.
“One of the jurors has admitted to having a couple of beers at lunch. Is he qualified to help make a decision?”
What would you like to do?
Solely on the basis of the content of this note and without examining either the alleged beer drinker or any other jury member, the trial judge declared him incompetent to proceed and, after the defendant refused to stipulate to a five person jury, declared a mistrial over Baez’s objection. He then took prohibition in the circuit *306 court to preclude a subsequent trial on the D.U.I. charge on double jeopardy grounds. The circuit court denied prohibition but we reverse.
 It is established that the court may appropriately declare a mistrial on its own or a prosecution motion only if, after an assiduous inquiry into the possibility of another course of action, there is a “manifest necessity” to do so. Thomason v. State, 620 So.2d 1234 (Fla.1993); Snow v. Fowler, 662 So.2d 1295 (Fla. 3d DCA 1995), review denied, 671 So.2d 788 (Fla.1996); Cohens v. Elwell, 600 So.2d 1224 (Fla. 1st DCA 1992); Spaziano v. State, 429 So.2d 1344 (Fla. 2d DCA 1983); Ostane v. Hickey, 385 So.2d 110 (Fla. 3d DCA 1980). That condition was obviously not satisfied in the county court if only because, without any inquiry into the precise condition of the allegedly impaired juror, there could be no showing that he was not competent to deliberate with the consequence that he need not have been excused at all. See Gamble v. State, 44 Fla. 429, 33 So. 471 (1902); Langston v. State, 212 So.2d 51 (Fla. 1st DCA 1968). Compare Goldring v. Escapa, 338 So.2d 871 (Fla. 3d DCA 1976), cert. denied, 346 So .2d 1248 (Fla.1977) (obviously intoxicated juror acting irrationally in open court).
Reversed.