719 So.2d 1215 (1998)
David RODRIGUEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 96-02458.
District Court of Appeal of Florida, Second District.
September 25, 1998.
Rehearing Denied November 2, 1998.
*1216 James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Corcoran, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
David Rodriguez challenges his convictions for trafficking in cocaine and conspiracy to traffic in cocaine. We reverse the trafficking conviction on double jeopardy grounds, and we reverse the conspiracy conviction due to insufficiency of the evidence.
Rodriguez originally was to be tried on a single charge of trafficking in cocaine, 200-400 grams, in violation of section 893.135(1)(b)1.b., Florida Statutes (1993). After the jury was selected and sworn, Rodriguez's codefendant, Luis Montalvo, entered a guilty plea. The State then announced that it intended to call Montalvo to testify against Rodriguez. Rodriguez's counsel objected. He advised the court that if it permitted Montalvo to testify, he would need a month to prepare a reformulated defense. The prosecutor agreed that the defense was entitled to a continuance, and asked defense counsel if he was requesting a mistrial. Counsel responded with an acknowledgment that it might be unfair to bring the jurors back at a later date, but he emphasized that he liked the jury he had selected. Then, declaring that it would be unfair to ask the jurors to return after a month-long continuance, the trial court sua sponte declared a mistrial.
Rodriguez later was arraigned on a supersedeas information that added the conspiracy count. His counsel raised the double jeopardy issue at that time, and subsequently moved to dismiss all charges based on double jeopardy. The court denied the motion. Rodriguez's second trial ended in a hung jury. At the third trial, the defense again objected and moved to dismiss on double jeopardy grounds, but the trial court again denied the motion. The jury found Rodriguez guilty, as charged.
We conclude that Rodriguez's retrial on the trafficking charge was barred by the double jeopardy clauses of the Florida and United States constitutions. A defendant has a `Valued right' to have his or her trial completed by a particular tribunal. See Thomason v. State, 620 So.2d 1234 (Fla. 1993). It is true that this right sometimes must give way to the public interest in allowing the State one `full and fair opportunity' to present evidence to an impartial jury. See Arizona v. Washington, 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). But, absent circumstances thwarting the State's one full and fair opportunity to present its case, the right of a defendant to completion of his or her trial by a particular tribunal should control. See Thomason, 620 So.2d at 1237. Unless there is a manifest necessity for declaring a mistrial without the defendant's consent, a retrial is barred under the double jeopardy clause. See United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824).
Manifest necessity for declaring a mistrial without the defendant's concurrence may be demonstrated only if the trial court has considered and rejected all possible alternatives. See Thomason, 620 So.2d at 1239; Wilson v. State, 693 So.2d 616 (Fla. 2d DCA 1997); C.A.K. v. State, 661 So.2d 365, 367 (Fla. 2d DCA 1995). This necessarily requires an investigation into the viability of the alternatives. See Baez v. State, 699 So.2d 305 (Fla. 3d DCA 1997); Cohens v. Elwell, 600 So.2d 1224 (Fla. 1st DCA 1992).
Here, the trial court entertained the possibility of a continuance, but rejected it as unfair to the jurors. We cannot fault the court's desire not to inconvenience the jurors, nor can we dispute the reasonableness of the court's assumption that a month-long continuance would cause them difficulties. But such inconvenience could not outweigh Rodriguez's right to be tried by that particular jury. See Cohens, 600 So.2d at 1226 (mistrial founded solely upon the convenience of the court and the jury is not manifestly necessary, quoting People v. Michael, 48 N.Y.2d 1, 420 N.Y.S.2d 371, 394 N.E.2d 1134 (1979)). Moreover, because the court did not inquire of the jurors, we do not actually know that it *1217 would have been difficult, let alone impossible, for them to return after a month. Id. Indeed, for all we know, some or all of the jurors might have been inconvenienced by the initial trial date, and would have preferred to postpone their service for a month. We conclude that the State has failed to meet its heavy burden to show a manifest necessity for the mistrial. Therefore, we must reverse Rodriguez's trafficking conviction on double jeopardy grounds.
We are also compelled to reverse the conspiracy conviction, because the evidence of that crime was insufficient. Presenting the facts in the light most favorable to the State, the record shows that Tony Pizzuto, a confidential informant working with law enforcement officials, telephoned his friend, Montalvo, and said that he wanted to obtain some cocaine for some other friends. Montalvo agreed to help him, but no quantities were mentioned.
Montalvo contacted Rodriguez and asked if he could get any cocaine. Rodriguez advised that he could. Again, no amounts were discussed. Rodriguez eventually delivered ten ounces of cocaine to Montalvo. When Montalvo informed Pizzuto that he had ten ounces available, Pizzuto responded that his buyers wanted much more, a kilo or two. Nevertheless, it was agreed that Pizzuto's buyers would take the ten ounces. Pizzuto went to Montalvo's house to consummate their transaction. During this visit, Rodriguez arrived, hoping to be paid for his cocaine. Pizzuto asked Rodriguez about the possibility of buying a kilo or two. Rodriguez responded that with notice of a week or two he could get any amount Pizzuto wanted.
Generally, in order to prove the crime of conspiracy, the State must prove both an agreement and an intention to commit an offense. See Saint Louis v. State, 561 So.2d 628, 629 (Fla. 2d DCA 1990). Both elements must be proved beyond a reasonable doubt. A person's mere presence at the scene is insufficient to establish his participation in a conspiracy. Id.
Here, because the alleged conspiracy was for the purpose of trafficking in cocaine, the State was required to prove that the amount of cocaine agreed to was 200 grams or more. See § 893.135(1)(b)1.b., Fla. Stat. (1993); Williams v. State, 592 So.2d 737, 738 (Fla. 1st DCA 1992). Moreover, the State could not prove conspiracy based solely on an agreement between a police agent, such as Pizzuto, and one other person. It was required to prove the intent of a second non-police person, as part of the conspiracy. See O'Connor v. State, 590 So.2d 1018, 1020 (Fla. 5th DCA 1991).
In other words, in this case the State was required to prove that Rodriguez and Montalvo both joined in the same agreement with the intent to traffic in an amount of cocaine in excess of 200 grams. But the record contains no evidence that Rodriguez and Montalvo ever discussed between themselves an agreement involving any specific amount of cocaine. It was undisputed that Rodriguez's delivery of ten ounces to Montalvo was done without a prior understanding that he would furnish a specific quantity. Thus, that transaction could not establish the conspiracy. See Garcia v. State, 548 So.2d 284, 285 (Fla. 3d DCA 1989) (conviction for conspiracy to traffic reversed where, although evidence showed defendant's participation in substantive crime, there was insufficient evidence of his participation in any underlying understanding or agreement); Voto v. State, 509 So.2d 1291, 1293 (Fla. 4th DCA 1987) (same).
Moreover, it is questionable whether the informant's separate conversations with the two individuals, in which they discussed the possibility of obtaining a kilo or two, would have been sufficient to prove a conspiracy involving a specific amount. See Williams, 592 So.2d at 738 (defendant's agreement to participate in "a big deal" insufficient to prove conspiracy to traffic in specific amount of cocaine). But even if those conversations would have sufficed, the State presented no evidence that Rodriguez ever knew the particulars of Montalvo's conversation with Pizzuto, let alone that he agreed to participate in the transaction discussed. See Williams, 592 So.2d at 739 (finding evidence of defendant's participation in trafficking conspiracy insufficient where no specific amounts discussed in defendant's presence). And, although the record suggests that Montalvo *1218 was present during Pizzuto's conversation with Rodriguez, there was no evidence that Montalvo agreed or intended to participate in the potential future transaction they envisioned.
Because the State failed to prove that Rodriguez entered into an agreement to traffic in 200 grams or more of cocaine, his conviction on the trafficking conspiracy charge cannot stand. Therefore, we reverse the conspiracy conviction. In light of our ruling, Rodriguez's other points on appeal are moot.
Reversed with instructions to discharge the defendant.
FRANK, A.C.J., and PATTERSON, J., concur.