SCHWARTZ, Chief Judge.
Spivey appeals from his convictions of trafficking in cocaine and conspiracy to traffic in cocaine. We affirm the trafficking conviction but reduce the conspiracy conviction to conspiracy to deliver cocaine.
The case arises from a sting in which undercover officers arranged the purported purchase of an ounce, 28 grams, of cocaine through a person named Lolita. After Lolita had at least one telephone conversation in the officers’ presence with him, Spivey arrived at the designated place and was arrested after he delivered a bag containing 27.9 grams of cocaine — a tenth of a gram shy of the “trafficking” amount. See § 893.135(l)(b), Florida Statutes (1995). Because Spivey had on his person an additional half-gram of cocaine (apparently for his own use), he was thus in possession of over 28 grams and we therefore affirm his trafficking conviction. See § 893.135(l)(b), Florida Statutes (1995); Gartrell v. State, 626 So.2d 1364 (Fla. 1993). We also conclude, on the basis of Pino v. State, 573 So.2d 151 (Fla. 3d DCA 1991), that the evidence was sufficient to establish that Spivey and Lolita had conspired to participate in the drug transaction and therefore reject both the appellant’s claim to a directed verdict on the conspiracy charge and his argument that evidence of the statements of the co-conspirator were improperly admitted against him.
We are compelled, however, to reduce the nature of the conspiracy conviction. Since there was no evidence of a specific conversation between Spivey and Lolita as to the amount of cocaine they intended to sell, there was nothing to overcome the binding presumption or inference that they intended — and therefore conspired — only to deliver the amount which was in fact “sold” to the officers. See Bohonowsky v. State, 336 So.2d 478, 479 (Fla. 4th DCA 1976)(“the best evidence of a person’s intent to steal is what he did steal”; conviction of conspiracy to commit grand larceny reduced to conspiracy to commit petit larceny because evidence showed value of goods taken was less the grand larceny amount of $100.00). This case is thus even weaker than the controlling decision of Williams v. State, 592 So.2d 737 (Fla. 1st DCA 1992), review denied, 601 So.2d 553 (Fla. 1992), in which the fact that less than 28 grams of cocaine was delivered was held to require the reduction of a conspiracy to traffic conviction, even when there was direct evidence *63 that the conspirators had agreed to an otherwise unspecified “big deal.” It is totally and decisively distinguishable from Kocol v. State, 546 So.2d 1159 (Fla. 5th DCA 1989) in which the defendant and his co-conspirator had specifically agreed to sell a trafficking amount, an ounce, of cocaine, even though less than that was actually delivered. See also Rodriguez v. State, 719 So.2d 1215 (Fla. 2d DCA 1998).
For these reasons, the trafficking conviction is affirmed, the conspiracy conviction is reduced to conspiracy to deliver cocaine, §§ 893.13(l)(a), 777.04, Florida Statutes (1995), and the cause is remanded for resentencing.
Affirmed as modified, remanded.