808 So.2d 234 (2001)
Harvey TORRES, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D99-2627, 2D99-3031.
District Court of Appeal of Florida, Second District.
November 2, 2001.
Rehearing Denied February 27, 2002.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel and Diana K. Bock, Assistant Attorneys General, Tampa, for Appellee.
*235 BLUE, Chief Judge.
Harvey Torres appeals his convictions and sentences for attempted first-degree murder, robbery with a firearm, and two counts of aggravated assault. We must require that Mr. Torres be discharged on these convictions on double jeopardy grounds because the trial judge erred in declaring a mistrial, after the jury was sworn, in a prior trial. Mr. Torres also appeals the conviction and sentence for felon in possession of a firearm which was tried separately. As to this conviction and sentence, we affirm.
At Mr. Torres' first trial, after the jury had been selected and sworn, the trial judge, on his own motion, declared a mistrial. This occurred after two of the sworn jurors complained that the trial schedule would constitute a significant inconvenience and that they had not been given an opportunity to make this fact known before they were sworn as jurors. This perceived dilemma clearly upset the trial judge, who completely failed to explore less drastic options such as continuing the trial or utilizing the alternate juror if the concerns of one of the two complaining jurors could be alleviated. Immediately after the mistrial, a second jury was impaneled. The second jury returned verdicts of guilty on the charges we are required to reverse.
The protection of an accused against being twice put in jeopardy for the same offense is a right guaranteed by both the Fifth Amendment to the United States Constitution and article I, section 9, of the Florida Constitution. Jeopardy attaches in a criminal proceeding when the jury is impaneled and sworn. See Crist v. Bretz, 437 U.S. 28, 38, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). "[A] defendant has a `valued right' to have his or her trial completed by a particular tribunal." Thomason v. State, 620 So.2d 1234, 1236 (Fla.1993) (quoting Wade v. Hunter, 336 U.S. 684, 689, 69 S.Ct. 834, 93 L.Ed. 974 (1949)).
The Double Jeopardy Clauses of the U.S. and Florida Constitutions impose upon the State a heavy burden to exhaust less drastic alternatives before declaring a mistrial over the defendant's objection during a criminal trial, and all doubts about whether the mistrial was appropriate must be resolved in favor of the liberty of the citizen.
Rodriguez v. State, 743 So.2d 538, 539 (Fla. 2d DCA 1998) (citing Thomason, 620 So.2d at 1237), review denied, 729 So.2d 918 (Fla.1999). This country's jurisprudence has long demanded that "manifest necessity" be demonstrated before resorting to a mistrial. See United States v. Perez, 22 U.S. (9 Wheat.) 579, 580, 6 L.Ed. 165 (1824).
Manifest necessity requires "trial judges, at the very least, to evaluate and discuss available alternatives before declaring a mistrial over the objection of the defendant." Thomason, 620 So.2d at 1238. Manifest necessity for declaring a mistrial without the defendant's concurrence may be demonstrated only if the trial court has considered and rejected all possible alternatives. Thomason, 620 So.2d at 1239. Here, the trial judge failed to entertain alternatives, or even to fully inquire as to whether the two jurors had actual, rather than perceived, time conflicts. By his action the trial judge completely failed to honor the required protection of constitutional double jeopardy rights. We recognize that the result in this case may appear drastic, but the trial judge's error requires us to reverse Mr. Torres' convictions for attempted first-degree murder, robbery with a firearm, and two counts of aggravated assault and remand for a discharge.
*236 Regarding Mr. Torres' conviction for felon in possession of a firearm, we affirm. This conviction was not affected by the constitutional violation that occurred at the first trial because it was not one the discharged jury was sworn to try. The record contains substantial, competent evidence to support the verdict and judgment for felon in possession of a firearm. See Bradford v. State, 460 So.2d 926 (Fla. 2d DCA 1984). We also affirm the sentence on this count that was imposed pursuant to the proper sentencing guidelines.
Affirmed in part, reversed in part, and remanded.
GREEN and CASANUEVA, JJ., Concur.