PER CURIAM.
 

 Defendant Adacia H. Douglas petitions for a writ of prohibition to avoid being retried following the circuit court’s declaration of a mistrial in his first trial. We grant prohibition.
 

 The defendant’s trial began on Wednesday, July 29, 2009, when the jury was sworn. On Thursday, the Department of Corrections (“DOC”) did not produce the defendant because his section of the jail was on quarantine due to a suspected H1N1 flu case. The Department of Health had issued a restricted movement memo saying that he and other inmates could not be moved. The memo provided that inmates could only go to court if they wore a mask. DOC anticipated the quarantine would be lifted by the following Wednesday and the defendant could again be transported to court the day after that.
 

 The court announced that perhaps it would grant a mistrial and begin the case again later. The State objected to the mistrial. Defense counsel responded to the court’s proposal to declare a mistrial as follows:
 

 If you could, perhaps order corrections to bring [defendant] to a phone, to inquire as to whether or not he would agree to a mistrial. And at least, you could at least get his permission. But we can’t agree to a mistrial, without getting our client’s permission.
 

 Defense counsel asked the court to reset the case for the following Monday after she could discuss the matter with her client. The court decided instead to ask the jurors if they would mind returning in a week (Thursday, the day identified by DOC as the earliest date the defendant could again be transported to court). Having still had no consultation with the defendant, defense counsel objected to the court asking the jurors personally and in open court, and objected to the court asking the jury without the defendant being present.
 

 At the direction of the trial court, the bailiff spoke with the jurors off the record; he reported that three jurors said they could not return. The court then declared a mistrial. The quarantine was actually lifted the following Monday, two days before DOC’s initially-estimated date.
 

 When the case was reset for trial, the defendant filed a motion to dismiss argu
 
 *933
 
 ing that retrial violated his double jeopardy rights. That motion was denied, and the defendant filed this petition to prevent the new trial.
 

 We grant prohibition because the State has not met its burden of demonstrating that the court’s declaration of a mistrial was based on a manifest necessity. A second trial in this case would violate defendant’s double jeopardy rights.
 

 A criminal defendant has the right to be free from being twice put in jeopardy for the same offense under both the Fifth Amendment to the United States Constitution and article I, section 9, of the Florida Constitution. Jeopardy attaches in a criminal proceeding when the jury is impaneled and sworn.
 
 Crist v. Bretz,
 
 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). The defendant has a right to have his trial completed by a particular jury of his choosing.
 
 Thomason v. State,
 
 620 So.2d 1234 (Fla.1993). “Doubt about whether the mistrial is appropriate is resolved ‘in favor of the liberty of the citi zen.’ The State must demonstrate ‘manifest necessity’ for the mistrial....”
 
 Id.
 
 at 1237. “[A] mistrial founded solely upon the convenience of the court and the jury is certainly not manifestly necessary.”
 
 Cohens v. Elwell,
 
 600 So.2d 1224, 1226 (Fla. 1st DCA 1992) (quoting
 
 New York v. Michael,
 
 48 N.Y.2d 1, 420 N.Y.S.2d 371, 394 N.E.2d 1134 (1979)).
 

 The State has a “heavy burden to exhaust less drastic alternatives before declaring a mistrial over the defendant’s objection during a criminal trial....”
 
 Torres v. State,
 
 808 So.2d 234, 235 (Fla. 2d DCA 2001). In the present case, the court did not rigorously consider less drastic alternatives. There was no record showing that a mistrial was a “necessity.”
 

 While this was an unusual circumstance, there were unexplored alternatives available to the court. For instance, the jury could have been ordered to return the following Thursday, the availability date provided by DOC. At the least, the court could have afforded defense counsel the opportunity to consult with the defendant about the situation before declaring a mistrial on its own motion and over the objection of both the State and the defense.
 

 The State argues that a prolonged continuance is sufficient to prove a manifest necessity. However, in this case the continuance need not have been more than one week. When weighed against the defendant’s right to be free from double jeopardy, and to be tried by the particular jury impaneled in his case,
 
 Thomason,
 
 this is not such a huge inconvenience.
 

 Neither is there any competent record evidence to substantiate the State’s assertion that bona fide juror unavailability made this mistrial tantamount to a manifest necessity. The only support in the record is the bailiffs report that three jurors said they would be unable to return the following week (for reasons which were not specified). A more advisable practice would have been (1) to permit defense counsel to consult by telephone with his quarantined client, and then (2) to poll the jury in open court, on the record. This would allow the defendant to make an informed decision about whether to consent to a mistrial and whether to oppose in-court questioning of the jury. This procedure would also add weight to the inquiry of the jurors and aid appellate review.
 

 In the absence of any showing of a manifest necessity requiring a mistrial in this case, the petition for writ of prohibition is granted. On remand, the defendant shall be discharged.