ALTENBERND, Judge.
 

 Anthony Tulo seeks a writ of prohibition from this court compelling the trial court to discharge him in circuit court case number CRC 06-07214 CFANO. We must grant the writ because, after the jury was sworn and over Mr. Tub’s objection, the trial court declared a mistrial without engaging in any consideration of the possible alternatives to mistrial and, thus, without determining that a mistrial was a manifest necessity.
 
 See Thomason v. State,
 
 620 So.2d 1234, 1239 (Fla.1993);
 
 Johnson v. State,
 
 685 So.2d 1369, 1370 (Fla. 2d DCA 1996).
 

 Mr. Tulo demanded speedy trial in this case, and trial commenced on the morning of Wednesday, January 6, 2010. The jury was selected and sworn that morning. In the afternoon, the trial court declared a recess because the assistant state attorney’s father had a medical emergency. Unfortunately, his father died that night.
 

 
 *950
 
 The following morning, without any motion from the State, the trial court announced that the assistant state attorney was not available to finish trying the case and “so I’m kind of confronted with a situation where I’ll have to declare a mistrial and set it for another trial.” The defendant immediately objected to a mistrial. The trial court noted the objection and declared a mistrial without conducting any additional discussion of possible alternatives and without determining that a mistrial was a manifest necessity.
 

 The Third District in
 
 Douglas v. State,
 
 28 So.3d 931, 933 (Fla. 3d DCA 2010), recently stated the law governing this issue in succinct fashion:
 

 A criminal defendant has the right to be free from being twice put in jeopardy for the same offense under both the Fifth Amendment to the United States Constitution and article I, section 9, of the Florida Constitution. Jeopardy attaches in a criminal proceeding when the jury is impaneled and sworn.
 
 Crist v. Bretz,
 
 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). The defendant has a right to have his trial completed by a particular jury of his choosing.
 
 Thomason v. State,
 
 620 So.2d 1234 (Fla.1993). “Doubt about whether the mistrial is appropriate is resolved ⅛ favor of the liberty of the citizen.’ The State must demonstrate ‘manifest necessity’ for the mistrial.”
 
 Id.
 
 at 1237. “[A] mistrial founded solely upon the convenience of the court and the jury is certainly not manifestly necessary.”
 
 Cohens v. Elwell,
 
 600 So.2d 1224, 1226 (Fla. 1st DCA 1992) (quoting
 
 New York v. Michael,
 
 48 N.Y.2d 1, 420 N.Y.S.2d 371, 394 N.E.2d 1134 (1979)).
 

 Because the defendant’s constitutional rights are at stake, the case law places the burden on the State to establish that a mistrial over the defendant’s objection was based on manifest necessity. When the trial court does not evaluate and discuss the available alternatives before declaring the mistrial, the State has a very difficult task in a prohibition proceeding.
 
 See Luther v. State,
 
 661 So.2d 906, 907 (Fla. 2d DCA 1995). In this case, for example, no one can know whether another assistant state attorney could have been prepared to try the remainder of this case if the trial had been continued until Monday, January 11, 2010. We cannot know whether it was a reasonable possibility to continue the case for a period of time until the assigned assistant state attorney returned to his duties. Without an inquiry, we cannot know whether the jury and the witnesses could have accommodated a change in the schedule of the trial. In the absence of such information, we are compelled to grant the petition and order the trial court to discharge Mr. Tulo in circuit court case number CRC 06-07214 CFA-NO.
 

 The petition for writ of prohibition is granted.
 

 WALLACE and CRENSHAW, JJ., Concur.