CANADY, C.J.,
dissenting.
I would discharge jurisdiction because there is no basis for this Court to exercise conflict jurisdiction. The majority errs in concluding that there is express and direct conflict between the decision of the Third District Court of Appeal on review and the First District Court of Appeal’s decision in Williams v. State, 592 So.2d 737 (Fla. 1st DCA 1992).
In Williams, the First District concluded that the defendant’s agreement “to participate in ‘a big deal’ ” was not sufficient to establish that he “contemplated a transaction involving an ounce or more of cocaine.” 592 So.2d at 739. Here, the evidence concerning the amount of the drugs to be involved in the transaction contemplated by Hernandez was based on his statement that the transaction was to be for $30,000 and that the sellers “arrived with a box two or three feet in size.” Hernandez v. State, 994 So.2d 488, 490 (Fla. 3d DCA 2008).
The nature of the evidence at issue in the case on review thus is entirely distinct from the type of evidence in Williams. There is no express and direct conflict.
POLSTON, J., concurs.