469 So.2d 845 (1985)
The STATE of Florida, Appellant,
v.
Delmer STIRRUP, Appellee.
No. 83-2565.
District Court of Appeal of Florida, Third District.
May 7, 1985.
Rehearing Denied June 17, 1985.
*847 Janet Reno, State Atty. and Jim Smith, Atty. Gen. and Richard L. Shiffrin, Asst. State Atty., for appellant.
Michael Zelman, Miami, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and FERGUSON, JJ.
FERGUSON, Judge.
The State of Florida appeals an order on motion for post-conviction relief which sets aside a conviction and sentence, and grants a new trial.
Defendant, a high-ranking police officer, was convicted on three charges: possession of a controlled substance, possession of drug paraphernalia, and trafficking in cocaine. The distilled facts are as follows. When police officers entered defendant's home armed with a search warrant they found a pound of cocaine open on the dining room table next to a plate which contained smaller amounts separated into lines as if for use. Defendant's fingerprints were found on the bag of cocaine, the plate, and on a business card located on the plate. Another plate containing a small amount of cocaine was found in the bedroom, also bearing the defendant's fingerprints. Several other items of drug paraphernalia and trace amounts of cocaine were discovered elsewhere in the apartment. A recorded conversation between defendant and his friend-turned-informant, during which defendant sniffed a sample of the drug brought by the informant, negotiated a price, and arranged for delivery and distribution of the pound, was admitted as evidence. Defendant's former girlfriend also testified for the State as to defendant's drug trafficking activities.
The defendant asserted at trial a variation of the "Abscam" defense theory made infamous by public officials caught red-handed  "I went along with the informant's activity in the course of my own investigation." A jury rejected the defense and returned guilty verdicts on all three counts.
At a lengthy post-conviction hearing on defendant's motion to vacate judgment and sentence, defense counsel explained his strategy  to portray his client as an honest victim of fellow officers' racial vindictiveness and conspiracy. Consistent therewith, defense counsel allowed the State to present evidence which would otherwise have been inadmissible. He testified that he did not object to the comment made at trial by an arresting officer on the defendant's exercise of his right to remain silent because he believed that the judge would deny a motion for mistrial based on a finding of harmless error. The court found in its order vacating the judgment and sentence that defense counsel's assumption that the comment could be considered harmless was erroneous in light of Clark v. State, 363 So.2d 331 (Fla. 1978), which requires that a mistrial be granted without consideration of harmless error. After detailing six specific acts of omissions or poor judgment by defense counsel the trial court concluded in a written order: "Whether each [act] is considered `strategy' or `oversight,' this record demonstrates an absence of any reasonably effective defense. Moreover, the state has failed to rebut the prejudice of these deficiencies."
In Anderson v. State, 467 So.2d 781 (Fla. 3d DCA 1985), this court, on similar facts, addressed the issue whether the failure to preserve for appellate review an otherwise reversible error could be an independent ground for finding ineffective assistance of counsel on a motion for post-conviction relief. One reason we gave for rejecting that argument is:
If counsel should fail, as here, to preserve for appellate review an otherwise reversible error, it would be of little moment as the conviction would still be subject to being vacated based on an ineffective assistance of counsel claim. The preservation of error rule would have no real consequence as it would apply only when counsel failed to preserve points which would not have merited a reversal in any event... . We cannot accept such a fatal undermining of our preservation of error rule.
Id. at 787.
The crucial test is whether counsel's errors, even if professionally unreasonable, *848 had an effect on the judgment of conviction. Strickland v. Washington, ___ U.S. ___, ___, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674, 696 (1984).[1] The defendant has the burden of affirmatively proving such prejudice. Id. Defendant here takes the position that since a timely objection to the comment on his right to remain silent would have been cause for an automatic mistrial or reversal on an appeal from the conviction,[2]Clark v. State, it follows that the outcome would have been different. We reject the contention that the likelihood of a different outcome in a "mini-proceeding" (e.g., motion for mistrial), other than a proceeding which makes an ultimate disposition, is what is contemplated by the term "proceeding" as used in Strickland and Knight v. State, 394 So.2d 997 (Fla. 1981).[3] Furthermore, the likelihood that on a timely objection and motion, the trial would have started anew, or that a ruling on a nondispositive motion, if timely made, would have been favorable, or that an objection to an improper question might have been sustained, is not sufficient to meet the test for prejudice outlined in Strickland because the court's consideration of such motions or objections is not a "proceeding" as that term is used in Strickland. Examples of proceedings, as used in the context of the Strickland test for prejudice, are those which determine guilt, see Strickland, ___ U.S. at ___, 104 S.Ct. at 2069, 80 L.Ed.2d at 698, or which determine in an adversarial hearing what sentence is to be imposed. See id; Castro v. State, 419 So.2d 796 (Fla. 3d DCA 1982). Even if a successful motion for mistrial had been made, there is a reasonable probability that the outcome of a new trial would not have been any different in light of the overwhelming weight of the evidence. See Francois v. Wainwright, 741 F.2d 1275, 1283-85 (11th Cir.1984) (defendant's waiver of his right to appeal the denial of his grand jury motions on the advice of counsel did not prejudice the defendant under the Strickland test because, owing to the overwhelming weight of the evidence, there was no doubt that defendant would have been reindicted by a successor grand jury).
Although we could dispose of defendant's ineffectiveness claim solely on the ground of lack of sufficient prejudice, Strickland, ___ U.S. at ___, 104 S.Ct. at 2069-70, 80 L.Ed.2d at 699, an assessment of counsel's conduct, on the facts of this case, fails to indicate that it fell "outside the wide range of professionally competent assistance." Strickland, ___ U.S. at ___, 104 S.Ct. at 2066, 80 L.Ed.2d at 695. See Anderson v. State, 467 So.2d at 787. The proper standard for attorney performance is reasonably effective assistance considering all the circumstances and viewed as of the time of counsel's conduct. Strickland, ___ U.S. at ___, 104 S.Ct. at 2065-66, 80 L.Ed.2d at 694-95. The fact that counsel's defense strategy was unsuccessful does not mean that the representation was inadequate. Sireci v. State, 469 So.2d 119 (Fla. 1985). We can conceive of no defense, and none is suggested by defendant, which in any likelihood might have produced a difference result.
The order granting a new trial is reversed and the conviction and sentence are reinstated.
NOTES
[1] Prejudice exists when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, ___ U.S. at ___, 104 S.Ct. at 2068, 80 L.Ed.2d at 698. Although the Supreme Court in Strickland refused to adopt the strict outcome determinative test of Knight v. State, 394 So.2d 997 (Fla. 1981), the Florida Supreme Court has held that the standard announced in Strickland does not differ significantly from that in Knight. Jackson v. State, 452 So.2d 533, 535 (Fla. 1984).
[2] The alleged errors in admission of evidence were not preserved for review by timely objections, which may explain why the direct appeal from the conviction was not pursued.
[3] Strickland involved a capital sentencing proceeding which "is sufficiently like a trial in its adversarial format and in the existence of standards for decision (cite omitted), that counsel's role in the proceeding is comparable to counsel's role at trial... ." ___ U.S. at ___, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. Knight involved an appellate proceeding.