600 So.2d 1250 (1992)
Lawrence Hayden BLAYLOCK, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 91-1897.
District Court of Appeal of Florida, Third District.
June 16, 1992.
Cooper, Wolfe & Bolotin; Bruce Rogow, Ft. Lauderdale, Adorno & Zeder, for appellant.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand, Asst. Atty. Gen., for appellee.
Before FERGUSON, COPE and GODERICH, JJ.
PER CURIAM.
Lawrence Blaylock, Jr. appeals from an order denying his rule 3.850 motion to vacate a conviction for first-degree murder, alleging that his attorneys were ineffective in failing to raise a defense of Halcion intoxication. We affirm.[1]
In rejecting Blaylock's motion, the trial court made the following findings of fact:
[1] This court finds that the defendant has failed to show that counsel provided ineffective assistance in failing to present a Halcion intoxication defense under the standards of Strickland v. Washington [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)]. First, this court finds that under the circumstances as they were presented to trial counsel at the time of trial, counsel's limited investigation into Halcion and its adverse effects was not deficient. This court finds that counsel was presented with a defendant *1251 with a long history of psychiatric problems, who was undergoing psychiatric care at the time of the homicide, and who had apparently failed to tell his attorneys or Dr. Charles Mutter, who was hired by his attorneys to evaluate him, that he was taking Halcion or Navane. Counsel's two well-respected expert psychiatrists opined that the defendant was insane. Dr. David Baer's letter in October of 1986, did not suggest a defense of Halcion intoxication, but rather confirmed his diagnosis of insanity, by stating that the prescribed Halcion could have various adverse effects which would exacerbate his mental problems. This court finds that counsel's actions in not further investigating Halcion under these circumstances was not outside the wide range of professionally competent assistance.
[2] This court also finds that the evidence that the defendant had ingested Halcion was circumstantial at best. Assuming that an intoxication instruction would have been given, this court finds that the evidence of intoxication was not of such a compelling nature, that there was a reasonable probability that the outcome of the proceedings would have been different. This court finds that the evidence of the defendant's statements and actions before, during and after the homicide, which the State used at trial to refute an insanity defense, would have been similarly damaging to an intoxication defense.
[3] This court would further note that the issue is not which defense, insanity or intoxication, would have been the better defense. The issue before this court is whether trial counsel's actions were deficient, were they outside the wide range of professionally competent assistance, and if so, did counsel fail in their purpose to ensure that the defendant received a fair trial, that is, a trial whose result is reliable. This court finds that counsel did not fail in their purpose, and did not render ineffective assistance to the defendant.
(Original emphasis).
We agree with the trial judge in his assessment of counsels' conduct at trial, that there is no indication that it fell outside the wide range of professionally competent assistance. See State v. Stirrup, 469 So.2d 845 (Fla. 3d DCA), rev. denied, 480 So.2d 1296 (Fla. 1985); Anderson v. State, 467 So.2d 781 (Fla. 3d DCA), rev. denied, 475 So.2d 693 (Fla. 1985).
Affirmed.
NOTES
[1] See Blaylock v. State, 537 So.2d 1103 (Fla. 3d DCA 1988), rev. denied, 547 So.2d 1209 (Fla. 1989), where we affirmed the conviction.