626 So.2d 1022 (1993)
Mario Radames VAZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-1332.
District Court of Appeal of Florida, Third District.
November 9, 1993.
Friend & Fleck and Geoffrey C. Fleck, South Miami, for appellant.
Robert A. Butterworth, Atty. Gen., and Linda S. Katz, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
PER CURIAM.
In Adams v. State, 585 So.2d 1092, 1094 (Fla. 3d DCA 1991), we held that the trial court's allowance of fifteen minutes for closing argument, following a two-day trial, was "simply not enough and deprived appellant of a fair trial." Adams's attorney preserved the *1023 error for review by a specific and contemporaneous objection to the time limitation. Vaz, who was Adams's codefendant in their joint trial, brings this appeal from an order denying post-conviction relief on a motion which alleges ineffectiveness of his counsel for failure to join in the objection of Adams's counsel.
We held in State v. Stirrup, 469 So.2d 845 (Fla. 3d DCA 1985), that the crucial test in a claim of ineffective assistance of counsel is whether counsel's errors had an effect on the judgment of conviction (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Because it is now apodictic that the result of the proceeding would have been different, i.e., a reversal of the conviction, but for counsel's omission, we conclude that ineffectiveness has been established. There is no showing whatever that the failure to object to the time limitation was in the pursuit of a tactical advantage.
Reversed and remanded.