PER CURIAM.
Petitioners Beebe and Yarbrough seek relief from this court, contending that their prosecutions for aggravated battery are barred by double jeopardy. For the reasons that follow, we deny their petition.
Petitioners were previously charged with disorderly conduct arising from the same episode. In a “probable cause affidavit/arresVnotice to appear”, the investigating officer described the incident as follows:
Your affiant states that your Defendant and Co-Defendant followed your victims ... to [an address in] Panama City, Bay County, Florida. Your Defendant and Co-Defendant then beat your victims in the parking lot. Upon your Affiant’s arrival your Defendant was yelling and hitting your victims. Your Defendant then observed the police vehicles in the parking lot and got into his vehicle and fled. Your Defendant led police in a car chase until he stopped at Harrison Av and Airport Rd. Your Affiant believes your Defendant is in violation of FSS 877.03. Both victims have been hospitalized.
Petitioners pled nolo contendere to the disorderly conduct charges, served probationary terms, paid their fines and costs and restitution to the victims as ordered. Thereafter, the State Attorney charged them with aggravated battery. When the trial court denied the defendants’ motions to dismiss on double jeopardy grounds they petitioned this court for a writ of prohibition, mandamus, certiora-ri, or alternative relief. We find that the appropriate remedy, if any, is a writ of prohibition. See Strawn v. State ex rel. Anderberg, 332 So.2d 601 (Fla.1976). Having now considered a response filed on behalf of the state and petitioners’ reply thereto, we find that the aggravated battery prosecutions are not barred by the prior disorderly conduct convictions.
The Florida Legislature has codified the constitutional protection against double jeopardy in section 775.021(4), Florida Statutes. As Justice Kogan pointed out in his concurring opinion in Sirmons v. State, 634 So.2d 153 (Fla.1994), there are four situations where separate convictions for a single criminal episode or transaction are not permitted. The parties argue, and we agree, that at issue here is the third of these elements, “offenses which are degrees of the same offense as provided by statute.” Justice Ko-gan described the principle as follows:
Florida’s criminal code is full of offenses that are merely aggravated forms of certain core underlying offenses such as theft, battery, possession of contraband, or homicide. It seems entirely illogical, as I believe the legislature recognized, to impose multiple punishments when all of the offenses in question both arose from a single act and were distinguished from each other only by degree elements.
Id. at 155. We find the controlling question here is whether disorderly conduct is a core offense of battery or aggravated battery.
Section 877.03, Florida Statutes, provides that:
Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second-degree, ...
Petitioners’ position is that the disorderly conduct charges against them arose from “brawling or fighting” which is a core offense of aggravated battery. We disagree in two respects. First, it is possible for a disorderly conduct conviction to arise where the combatants have mutually agreed to engage in fisticuffs. In that circumstance any resulting touching could not be considered to have been inflicted against the will of the victim and therefore a battery conviction under section 784.03(l)(a) would not be possible. This refutes petitioners’ argument that the “brawling or fighting” aspect of disorderly conduct is the “core offense” of battery and/or aggravated battery. We also find that the petitioners’ disorderly conduct convictions may have been based, in whole or part, on conduct other than the hitting of the victims. For example, the probable cause affidavit/arresVnotice to appear recites that the defendants were yelling at the victims. The disorderly conduct statute may be constitutionally applied to verbal contact such as *403 fighting words. Clanton v. State, 357 So.2d 455 (Fla. 2d DCA), cert, denied, 362 So.2d 1056 (Fla.1978). The probable cause affidavit/arrest/notice to appear is the charging document, see Florida Rule of Criminal Procedure 3.125, and controls when determining whether the original charge is a permissive lesser included offense barring a subsequent prosecution arising from the same incident. See Sirmons, 634 So.2d at 155 n. 5 (Kogan, J., concurring). The charging document did not describe the language used by the defendants and petitioners have not shown any recitation of a factual basis when the pleas were entered. This court is not in a position to determine disputed issues of fact in a proceeding of this nature. McKinney v. Yawn, 625 So.2d 885 (Fla. 1st DCA 1993). We do not reach the question of whether the disorderly conduct may have also been based on the defendants’ flight because at least one of the defendants apparently was also charged with fleeing a police officer when the disorderly conduct charges were filed in circuit court. The ultimate disposition of that charge, however, is unknown.
As petitioners have failed to show that the disorderly conduct charges for which they were convicted were core offenses of the now pending aggravating battery charges, the petition for writ of prohibition is DENIED.
BOOTH, JOANOS and MICKLE, JJ., concur.