PER CURIAM.
Petitioner, the defendant below, Wendell Murray, petitions this Court for a writ of prohibition to prevent retrial for second-degree murder. We grant the petition.
The defendant was tried for second-degree murder before a jury. The jury's instructions and verdict forms included the lesser offenses of manslaughter and culpable negligence. The jury returned signed, completed verdict forms of not guilty of second-degree murder and guilty of manslaughter as a lesser included offense.
After the trial court polled the jury on the manslaughter verdict, one juror indicated that she did not concur. The case was then sent back to the jury for further deliberations. With the jury unable to arrive at a unanimous verdict, the trial court declared a mistrial.
The petitioner contends that because jeopardy attached, he cannot be retried for second-degree murder. The State asserts that retrial for second-degree murder is proper because double jeopardy has not attached.
Prohibition is a proper remedy where the defendant’s right against double jeopardy has been violated. Strawn v. State ex rel. Anderberg, 332 So.2d 601 (Fla.1976); Parce v. Byrd, 533 So.2d 812 (Fla. 5th DCA 1988), rev. denied, 542 So.2d 988 (1989). Here, the jury returned a properly executed verdict form acquitting the defendant of the charged offense of second-degree murder. Thus, double jeopardy protections attached to prevent the defendant’s retrial for second-degree murder. See United States v. Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978); Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). We grant the petition for writ of prohibition and remand for retrial on the lesser included offense of manslaughter.
Petition for writ of prohibition granted; case remanded.