916 So.2d 1002 (2006)
Ashley Kaitlin ROHR, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D05-5105.
District Court of Appeal of Florida, Second District.
January 4, 2006.
*1003 Ryan Fasso, Tampa, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Sonya Roebuck Horbelt, Assistant Attorney General, Tampa, for Respondent.
NORTHCUTT, Judge.
Ashley Kaitlin Rohr petitions for a writ of prohibition preventing her retrial on criminal charges. Rohr maintains that there was no manifest necessity for the circuit court's sua sponte declaration of a mistrial when Rohr was late arriving for her first trial and that her retrial would subject her to double jeopardy. We agree and grant the petition.
Rohr was charged with burglary of a dwelling, dealing in stolen property, third-degree grand theft, and giving false information on a pawnbroker form. On August 1, 2005, she timely appeared for trial, and jury selection began. After the jury was impaneled and sworn, the trial judge continued the trial until the next day at 9:30 a.m. However, when the trial was to begin the following morning, Rohr was not present. Rohr's attorney reported to the judge that he had just spoken to his client by mobile phone and that she was either near the courthouse or at the courthouse entrance. A few minutes later, defense counsel advised that Rohr had just called him and stated that there had been an accident on Tampa's Crosstown Expressway and that she would arrive in about three minutes.
The judge told counsel that Rohr had lied to him. Annoyed, the judge briefly considered allowing defense counsel to waive Rohr's presence, then thought better of it. Instead, she sua sponte declared a mistrial, ordered Rohr's bond estreated, issued a capias, and discharged the jury. At that point, Rohr was twelve minutes late. Approximately eight minutes after that, Rohr arrived at the courtroom and was taken into custody. Later, when a retrial was scheduled, Rohr moved to dismiss the case on double jeopardy grounds. The trial judge denied the motion, whereupon Rohr filed the instant petition.
We conclude that Rohr's retrial is barred by the double jeopardy clauses of the Florida and United States constitutions. A defendant has a "valued right" to have his or her trial completed by a particular tribunal. See Thomason v. State, 620 So.2d 1234 (Fla.1993). Unless there is a manifest necessity for declaring a mistrial without the defendant's consent, a retrial is barred under the double jeopardy clause. See United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824).
Manifest necessity for declaring a mistrial without obtaining the defendant's consent may be demonstrated only if the trial court has considered and rejected all possible alternatives. See Thomason, 620 So.2d at 1239; Wilson v. State, 693 So.2d 616 (Fla. 2d DCA 1997); C.A.K. v. State, 661 So.2d 365, 367 (Fla. 2d DCA 1995). When, in this case, the prosecutor asked the trial judge whether she would declare that the mistrial was due to a manifest necessity, the judge stated, simply: "Yes. A manifest necessity because she's not here and everybody else is."
Clearly, at that point the judge had not considered all possible alternatives to terminating the trial. Having been told that Rohr had just telephoned to say she would arrive within a few minutes, one very obvious alternative was to wait. We understand the judge's frustration at Rohr's failure to appear on time, especially in light of her belief that Rohr had lied to her counsel about the reason for her tardiness. But we note that this lie (if, in fact, it was a lie) simply did not establish a manifest necessity for a mistrial.
*1004 The petition for writ of prohibition is granted. Rohr shall not be retried for the crimes charged in Thirteenth Circuit case no. 04-CF-022445.
Granted.
DAVIS and WALLACE, JJ., Concur.