984 So.2d 522 (2008)
Roy Howard MIDDLETON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-3378.
District Court of Appeal of Florida, First District.
November 13, 2007.
Michael Ufferman of Michael Ufferman Law Firm, P.A., Tallahassee, for Appellant.
Roy Howard Middleton, pro se, Appellant.
Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Roy Howard Middleton, Jr., seeks review of the order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 wherein he raised six claims, only three of which are at issue on appeal and only one of which merits discussion. In his fifth claim for relief, appellant alleged that his trial counsel was ineffective for failing to advise him that he had the option of moving for a mistrial when a juror was discharged after deliberations had begun. Contrary to the trial court's determination, we conclude that trial counsel was deficient in failing to advise appellant of this option. See Sotola v. State, 436 So.2d 1001, 1009 (Fla. 5th DCA 1983) ("[I]t appears that Florida has no statutory or procedural authorization for substitution of an empanelled juror after discharge of the alternates and commencement of deliberations. In the event of timely objection, it should not be done.") (emphasis added).[*] With respect to whether appellant was prejudiced by trial counsel's deficiency, although appellant testified during the evidentiary hearing that he would have chosen the option of moving for a mistrial rather than proceeding with eleven jurors had counsel informed him of such, the trial court made no express credibility determination with respect to this testimony. If appellant had *523 moved for a mistrial, the trial court would have had to grant the motion under the case law. As such, we remand the case to the trial court to determine whether appellant has demonstrated the requisite prejudice pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Accordingly, we AFFIRM in part, REVERSE in part, and REMAND for further proceedings.
DAVIS, LEWIS, and ROBERTS, JJ., concur.
NOTES
[*] At the time of appellant's trial, Sotola was one of two cases that addressed jury substitution with an alternate after deliberations had begun. The supreme court's opinion in Williams v. State, 792 So.2d 1207, 1210 (Fla. 2001), wherein the court held that "whenever . . . a juror becomes unable to proceed during deliberations, a new trial of the matter which was the subject of those deliberations is required," had not yet been issued.