KAHN, J.
Appellant Roy Howard Middleton, Jr., challenges the denial of a post-conviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse, finding that Middleton has satisfied what is commonly referred to as the “prejudice” prong of Strickland, v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

FACTUAL & PROCEDURAL BACKGROUND

In this appeal, we consider for the second time a denial of Middleton’s rule 3.850 claim for ineffective assistance of counsel. Originally, an Escambia County grand jui'y returned an indictment charging Middleton with first-degree murder. Subject to a capital prosecution, appellant proceeded to trial, where he was legally entitled to *359 a 12-person panel. After deliberations began, but before the verdict was announced, the State moved to strike juror Foster, who had failed to disclose (when asked) he had previously been convicted of a felony. The court granted the State’s motion and removed Foster from the panel.
The trial court then asked Middleton whether he wished to proceed with just 11 jurors, or, in the alternative, replace Foster on the jury with a previously-dismissed alternate juror. Defense counsel, however, did not inform appellant or the trial court of a third option — that Middleton could move for a mistrial on the ground that a juror had been discharged during deliberations. Appellant ultimately decided to proceed with an 11-person jury, which convicted him of the lesser-included offense of second-degree murder.
Middleton brought a rule 3.850 motion alleging ineffective assistance of counsel, arguing, inter alia, that counsel was ineffective in failing to move for a mistrial after the State uncovered Foster’s criminal record. After an evidentiary hearing on the issue, the trial court denied the claim. In case number 06-3378, we affirmed without discussion the trial court’s denial of five post-conviction claims, but held that trial counsel was ineffective for failing to advise appellant of his option to move for a mistrial. See Middleton v. State, 984 So.2d 522, 522 (Fla. 1st DCA 2007) (Middleton I). Because the post-conviction court failed to make a credibility determination on Middleton’s hearing testimony that he would have chosen to move for a mistrial had counsel advised him of the option, the court remanded the case for the limited purpose of making such a finding. See id. at 522-23.
On remand, the parties provided memo-randa on the issue of whether appellant would have moved for a mistrial had he been given the option. Middleton submitted an affidavit from trial counsel, who believed appellant would have moved for a mistrial. The trial court issued an order concluding that appellant “has demonstrated that he would have requested a mistrial when it was discovered that juror Foster needed to be removed from his jury, had he known that a mistrial was an available option.” The court nonetheless refused to grant relief, finding that Middleton “failed to demonstrate a reasonable probability that the outcome of a new trial would have been any different in light of the weight of the evidence.” In this appeal, Middleton squarely raises the issue of whether the certain grant of a mistrial satisfies the prejudice requirement of Strickland.

ANALYSIS

In reviewing a ruling on a claim for ineffective assistance of counsel, we defer to the trial court’s findings on factual issues, but review de novo the court’s ultimate conclusions on the deficiency of performance and prejudice. See Bruno v. State, 807 So.2d 55, 61 (Fla.2001) (citing Stephens v. State, 748 So.2d 1028, 1033 (Fla.1999)). Neither party now disputes that defense counsel’s performance was deficient, leaving appellant to establish that “the deficient performance prejudiced the defense.... ” Strickland, 466 U.S. at 687, 104 S.Ct. 2052 (requiring defendant to show “that counsel’s errors were so serious as to deprive defendant of a fair trial, a trial whose result is reliable”). Stated differently, the “defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id., 466 U.S. at 694, 104 S.Ct. 2052.
The State relies largely on the Third District decision in State v. Stirrup, asserting that the “crucial test is whether counsel’s errors ... had an effect on the judg *360 ment of conviction.” 469 So.2d 845, 847-48 (Fla. 3d DCA 1985) (citing Strickland, 466 U.S. at 692, 104 S.Ct. 2052). To that end, the State argues, the “likelihood of a different outcome in a ‘mini-proceeding’ (e.g., motion for mistrial) ... is [not] what is contemplated by the term ‘proceeding’ as used in Strickland.'” Stirrup, 469 So.2d at 848. This case thus presents the question whether “Strickland’s use of ‘the proceeding’ means that a defendant must demonstrate that the decision by- a different fact-finder at a different trial would likely have been an acquittal, or whether, at least in some situations, the denial of a significant procedural right ... is sufficient to satisfy the prejudice prong of Strickland.” United States v. Ramsey, 323 F.Supp.2d 27, 39 (D.D.C.2004).
Some history of Middleton I, drawn from our files, informs our analysis. Before issuing the opinion in Middleton I, this court promulgated an order directing the parties to respond to the following question:
[WJhether the requirement for demonstrating prejudice, i.e., a showing that ‘the result of the proceeding would have been different’ ... would be satisfied in this case if appellant established that the trial court was required to declare a mistrial on the juror issue or whether prejudice could only be demonstrated if appellant established a reasonable probability that the result of a new trial following the mistrial would have been different.
We ultimately remanded the case. The opinion established both the parameters of the remand and the panel’s thinking in terms of the issue remaining for decision:
[Although appellant testified during the evidentiary hearing that he would have chosen the option of moving for a mistrial rather than proceeding with eleven jurors had counsel informed him of such, the trial court made no express credibility determination with respect to this testimony. If appellant had moved for mistrial, the trial court would have had to grant the motion under the case law. As such, we remand the case to the trial court to determine whether appellant has demonstrated the requisite prejudice pursuant to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
Middleton I, 984 So.2d at 522-23 (emphasis supplied).
The panel’s use of the introductory phrase “as such” to establish the breadth of the remand may only be interpreted to refer to the previous sentence noting that appellant would have been entitled to a mistrial, had counsel moved for the same. Accordingly, we interpret Middleton I— and the order we issued preceding the opinion — to provide that appellant would demonstrate prejudice by showing that he would have requested, and the trial court would have granted, a mistrial. By implication, then, Middleton I has already determined that the mistrial would suffice and no inquiry into the likely outcome of a new trial would be required.
The trial court’s interpretation, respectfully, virtually nullified the remand. One could ask, and appellant certainly does, why would we remand for a credibility determination as to Middleton’s sincerity in seeking a mistrial if he could not thereby establish the requisite prejudice? We perhaps did not have to limit the scope of our mandate, but we did. In our view, the first panel directed only consideration of Middleton’s credibility, thereby signaling it had already resolved the issue upon which the trial court denied relief. We know, of course, that “‘questions of law actually decided on appeal ... govern the case in the same court and the trial court, through all subsequent stages of the pro-
*361 ceedings.’ ” Tatum v. State, 27 So.3d 700, 704 (Fla. 3d DCA 2010) (citing State v. McBride, 848 So.2d 287, 289, 291 (Fla. 2003)). Having observed no change in the relevant factual circumstances, we are not inclined to offer a competing determination on a legal question upon which this court has already passed.
We turn next to the asserted tension between Stirrup and appellant’s present argument. We have noted with interest another Third District decision applying the Stirrup rule, Vaz v. State, 626 So.2d 1022 (Fla. 3d DCA 1993). There, the appellant alleged ineffectiveness in his attorney’s failure to object to the trial court’s allowance of only fifteen minutes of closing argument. See id. at 1022. Counsel for Vaz’ codefendant, who preserved an objection on the same grounds, was vindicated by Adams v. State, 585 So.2d 1092, 1094 (Fla. 3d DCA 1991), which held that fifteen minutes for closing argument was “simply not enough and deprived appellant of a fair trial.” Recognizing (but not disturbing) its holding in Stirrup, the court held that Vaz had satisfied the prejudice prong of Strickland. See Vaz, 626 So.2d at 1023. Because the test for prejudice under Stirrup was “whether counsel’s errors had an effect on the judgment of conviction,” 469 So.2d at 847-48, and Vaz’ code-fendant had already established the error, entitling the codefendant to a new trial, then, the court reasoned, “it is now apod-ictic that the result of the proceeding would have been different, i.e., a reversal of the conviction.... ” See Vaz, 626 So.2d at 1023.
We find Vaz significant not only because it abates the suggestion of conflict between Stirrup and appellant’s principle contention, but for its reasoning as well. Rather than consider the weight of the evidence to support its holding, the court focused upon a procedural right inuring to the benefit of the defendant, thus disproving the assertion that appellant must, in effect, establish his innocence to show prejudice under Strickland.
Without saying as much, the Third District must have recognized, as we do, that the grant of a new trial, after conviction in a criminal case, should be fairly characterized as a positive for the defense. Moreover, having been convicted of and sentenced for second-degree murder, Middleton has benefited in another way by the prospect of a new trial. Such advantage springs from State v. Montgomery, 39 So.3d 252, 255 (Fla.2010), which invalidated the previous standard jury instruction on manslaughter and held that “under Florida law, the crime of manslaughter by act does not require that the State prove that the defendant intended to kill the victim.” The former standard instruction (since amended) required the State to prove the defendant “intentionally caused the [victim’s] death.” In re Standard Jury Instructions in Criminal Cases, 997 So.2d 403, 404-05 (Fla.2008). When presented with a choice between the lesser-included offenses of second-degree murder and manslaughter, juries contemplating first-degree murder charges may have chosen — and by proper logic were directed to choose — the greater of the two lesser-included offenses where no intent to kill was found. A new jury in this case will be properly instructed on the lessers.
We are further persuaded in the correctness of appellant’s position by analogy to other ineffective assistance scenarios. “[W]here the ill-advised client pleads guilty when it was not in his best interests to do so, he establishes prejudice by showing that but for counsel’s deficient performance a reasonable probability exists that the defendant ... would have insisted *362 on a trial.” Ramsey, 323 F.Supp.2d at 42 (citing Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). Similarly,, a defendant convicted at trial has a claim for ineffective assistance where counsel is deficient in advising him of the respective consequences between going to trial and entering a plea, and the defendant “can demonstrate that he would have pleaded guilty if he had been represented by competent counsel.” Id. Likewise, “[t]he failure of trial counsel to file a timely notice of appeal when requested to do so constitutes ineffective assistance ... even when the lost appeal may not have had a reasonable probability of success.” Id. at 41 (citing Roe v. Flores-Ortega, 528 U.S. 470, 477-78, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000)). In the same way that an appeal not taken because of late filing prejudices a defendant by denying him “the opportunity for a second trial he otherwise would have had,” so too does counsel’s failure to request a mistrial deprive Middleton of a “procedural right to which the law entitle[d]” him. Id. at 40-41 (citing Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993)). In accord with the Supreme Court’s treatment of pleas and appeals, we must conclude the “question is not ultimate guilt but process.” Id. at 42.
By way of a final illustration, our case law does not require a defendant to show that a jury trial, upon withdrawal of a guilty plea, would result in a better outcome. As this court has observed, “It is not necessary to allege, in addition, that a defense existed to the charge.” Mason v. State, 742 So.2d 370, 371 (Fla. 1st DCA 1999). In Mason, the majority expressly rejected the suggestion made by the dissent that in cases involving a no-contest or guilty plea, “a post-conviction petitioner, should ... normally have to allege, as support for the claim of prejudice in fact, that the petitioner either had a procedural defense to the charge or a factual defense that would have been viable had the case proceeded to trial....” Id. at 372 (Kahn, J., dissenting). Our supreme court also does not impose such a requirement. See Grosvenor v. State, 874 So.2d 1176 (Fla. 2004) (rejecting dissent’s suggestion that the “correct inquiry ... is whether there was a viable defense,” and instructing courts to “consider the totality of the circumstances” “in determining whether a reasonable probability exists that the defendant would have insisted on going to trial”).
For the foregoing reasons, we hold that Middleton has established prejudice, in satisfaction of Strickland, by showing that he would have requested, and the trial court would have granted, a mistrial. In this situation, then, “the denial of a significant procedural right ... is sufficient to satisfy the prejudice prong of Strickland.” Ramsey, 323 F.Supp.2d at 39. Because the trial court has already made the requisite findings entitling Middleton to relief, we REVERSE and REMAND for a new trial.
DAVIS, J., concurs, and THOMAS, J., concurs with opinion.