SWANSON, J.
In this direct criminal appeal, appellant claims his retrial and conviction for first-degree murder with a firearm violated the constitutional prohibition against double jeopardy because he was acquitted on that charge at his prior trial when the jury convicted him of the lesser included offense of second-degree murder with a firearm. We agree. Accordingly, we reverse and remand with directions that the trial court adjudicate and sentence appellant for the lesser included offense of second-degree murder with a firearm.
In June 2000, appellant was tried for first-degree murder with a firearm before a twelve-person jury. After deliberations *816 began, the state moved to strike a juror for failing to disclose a prior felony conviction. The trial court granted the motion and asked appellant whether he wanted to proceed with just eleven jurors or replace the stricken juror with a previously dismissed alternate juror. -Appellant decided to proceed with an eleven-person jury, which returned a guilty verdict on the lesser included offense of second-degree murder with a firearm. Appellant was adjudicated guilty and sentenced to thirty-five years in prison with a three-year mandatory minimum, which this court affirmed without opinion on direct appeal. Middleton v. State, 833 So.2d 124 (Fla. 1st DCA 2002) (table).
Later, appellant filed a motion for post-conviction relief that claimed trial counsel was ineffective for failing to advise him that he had the option of moving for a mistrial when the juror was dismissed after deliberations had begun. After holding an evidentiary hearing, the trial court denied the motion. On appeal, this court concluded trial counsel was ineffective for failing to advise appellant of his right to move for a mistrial and remanded with directions that the trial court determine whether appellant demonstrated the requisite prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Middleton v. State, 984 So.2d 522 (Fla. 1st DCA 2007).
On remand, the trial court found appellant would have requested a mistrial if he had known that was an available option, but concluded appellant failed to demonstrate a reasonable probability that the outcome of a new trial would have been any different in light of the weight of the evidence. On appeal, this court reversed and remanded for a new trial, concluding appellant satisfied the prejudice prong of Strickland by showing he was deprived of his right to a mistrial. Middleton v. State, 41 So.3d 357, 359-62 (Fla. 1st DCA 2010). In a concurring opinion, Judge Thomas observed that appellant’s retrial for first-degree murder was not foreclosed by the constitutional prohibition against double jeopardy because jeopardy did not attach to the verdict of an eleven-person jury in appellant’s capital murder trial, which was rendered null and void where appellant did not knowingly and voluntarily waive his right to trial by a twelve-person jury. Id. at 362-65 (Thomas, J., concurring).
On remand, appellant filed a motion to dismiss the first-degree murder charge on the ground that it was barred by the double jeopardy clauses of the state and federal constitutions. The trial court denied the motion, concluding jeopardy did not attach to the prior jury verdict because it was null and void. The case then proceeded to trial before a twelve-person jury, which returned a verdict finding appellant guilty of first-degree murder as charged and also finding that appellant used, carried, or displayed a firearm. The trial court then adjudicated appellant guilty and sentenced him to life in prison without the possibility of parole. This appeal followed.
Appellant asserts his prior conviction for the lesser included offense of second-degree murder with a firearm was an implied acquittal on the charged offense of first-degree murder with a firearm for purposes of double jeopardy, citing Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957). However, relying on Judge Thomas’ concurring opinion in Middleton, the state responds that the implied acquittal on the charge of first-degree murder with a firearm was rendered a nullity due to incurable structural error in the trial proceeding, returning appellant and the state to the status quo ante. Since the double jeopardy issue was not addressed by the majority in Middleton, Judge Thomas’ opinion is not binding on *817 this court. For several reasons, we are unable to agree with the contention that the implied acquittal in this case was a nullity.
First, a verdict by an eleven-person jury is not a nullity in a capital murder case because defendants can waive their statutory right to a twelve-person jury. See State v. Griffith, 561 So.2d 528 (Fla.1990). We simply cannot conclude that appellant’s successful collateral challenge to the voluntariness of his waiver of a twelve-person jury retroactively nullified the jury’s implied acquittal on the charge of first-degree murder.
Second, the state’s position relies on the theory that a jury verdict of acquittal can be “nullified” due to so-called “structural error.” This broad “nullification” theory, which was announced by the Louisiana Court of Appeal in State v. Langley, 896 So.2d 200 (La.Ct.App.2004), has been disapproved by the Louisiana Supreme Court in State v. Langley, 958 So.2d 1160, 1169 (La.2007). It also has been rejected by the Alabama Supreme Court in Ex parte Gillentine, 980 So.2d 966 (Ala.2007), and our sister court, the Second District Court of Appeal, in Moody v. State, 931 So.2d 177 (Fla. 2d DCA 2006). As the Alabama Supreme Court has noted, the concept of “structural error” was developed to determine whether an error is subject to a harmless error analysis, not whether an acquittal is valid for double jeopardy purposes. Gillentine, 980 So.2d at 970-71.
Third, case law clearly distinguishes between the validity of verdicts of acquittal and verdicts of conviction. Unlike verdicts of conviction, verdicts of acquittal cannot be challenged no matter how “egregiously erroneous.” Moody, 931 So.2d at 180-81 (quoting Sanabria v. United States, 437 U.S. 54, 75, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978), and Fong Foo v. United States, 369 U.S. 141, 143, 82 S.Ct. 671, 7 L.Ed.2d 629 (1962)). For instance, the United States Supreme Court has recognized jury acquittals even though the proceedings were determined to be invalid. See Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) (holding that jeopardy attached to acquittal on larceny charge even though defendant was tried on a defective indictment); United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) (holding that jeopardy attached to acquittal on murder charge even though defendant and his codefen-dants were tried on a fatally defective indictment). Similarly, state courts have recognized acquittals even though the jury’s verdict was set aside due to juror error or misconduct. See Plate v. Alaska, 925 P.2d 1057, 1062 (Alaska Ct.App.1996) (holding that defendant could not be retried on charge that resulted in acquittal after his convictions on other charges were reversed because the trial court improperly substituted an alternate juror after the jury began deliberations); Niemand v. Dist. Ct., 684 P.2d 931 (Colo.1984) (recognizing defendant’s implied acquittal on first-degree murder charge even though the jury verdict for second-degree murder was set aside due to a juror’s consultation with a legal dictionary); Moody, 931 So.2d at 177-82 (rejecting claim that jury misconduct nullified the jury’s verdicts of acquittal).
Finally, appellant’s position is distinguishable from defendants who successfully obtain a mistrial or move to vacate their pleas and are then returned to their original position. Specifically, appellant’s case was not terminated by a declaration of mistrial, but ended with an implied acquittal on the charge of first-degree murder, which triggered the protection of the double jeopardy clause. See Moody, 931 *818 So.2d at 181. Moreover, the United States Supreme Court has observed that “[t]he acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending ... has none of the [double jeopardy] implications of an ‘implied acquittal’ which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses.” Ohio v. Johnson, 467 U.S. 493, 501-02, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984).
Based on the above, we conclude appellant’s retrial and conviction for first-degree murder with a firearm violated the constitutional prohibition against double jeopardy. However, we agree with the state that the proper disposition is not to reverse and remand for a new trial, but to reverse and remand with directions that the trial court reduce appellant’s conviction to the lesser included offense of second-degree murder with a firearm and resentence him accordingly. See Morris v. Mathews, 475 U.S. 237, 106 S.Ct. 1032, 89 L.Ed.2d 187 (1986).
REVERSED and REMANDED with directions.
BENTON, J., concurs; OSTERHAUS, J., Dissents with Opinion.